IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS,
KANSAS CITY DIVISION

| | |
|---|---|
| KIM KRUGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO.: _____ |
| ) | |
| HOMEADVISOR, INC., f/k/a ) | |
| SERVICEMAGIC, INC., and JOHN DOES 1- ) | |
| 100, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Kim Kruger ("Plaintiff" or "Ms. Kruger"), by and through her undersigned counsel, brings Counts I-III of this action against defendants HomeAdvisor, Inc., f/k/a ServiceMagic, Inc., and John Does 1-100 (collectively, "HomeAdvisor").

### *Jurisdiction and Venue*

1. This is an action involving the violation of Plaintiff's federal statutory rights under Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2601, *et seq*. ("Title VII of the Civil Rights Act of 1964"), the Americans with Disabilities Act ("ADA"), 42. U.S.C. § 12101, *et seq*., as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Kansas state law.

2. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. Because this action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991,

§704, Title VII, 42 U.S.C. § 1981, this Court has jurisdiction of the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

3. Accordingly, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1334.

4. Venue for this action properly lies in the District of Kansas because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Kansas.

5. All statutory and administrative requirements have been fulfilled prior to the initiation of this lawsuit, and this matter has been filed within 90 days of Plaintiff's receipt of the notice of right to sue issued by the U.S. Equal Employment Opportunity Commission as to Plaintiff's claims, which states that it was issued on April 28, 2017 and has postmarked date of May 1, 2017.

6. Plaintiff's notice of right to sue was received by counsel for Plaintiff on Friday, May 5, 2017.

### *The Parties*

7. Plaintiff was employed with HomeAdvisor for nearly three years, from September 2013 to July of 2016.

8. Plaintiff began her employment with HomeAdvisor as a marketing and sales consultant.

9. Plaintiff then worked for the Defendants until her termination on or about July 12, 2016.

10. At the time of her termination, Plaintiff worked at Defendants' Lenexa, Kansas call center facilities.

11. At all relevant times, Plaintiff is and has been a resident of Kansas.

12. Defendant HomeAdvisor, Inc., ("HomeAdvisor") is a Delaware corporation with a principal place of business and corporate headquarters located in Golden, CO.  Defendant HomeAdvisor can be served at the above location or via any of its registered agents, including The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS  66603.

13. Tom Cheatham is a person to whom HomeAdvisor had delegated the performance of employment-related activities, such as interviewing and deciding whether to hire or fire HomeAdvisor employees in the Lenexa, Kansas call center location.

14. At all relevant times, HomeAdvisor has continuously done business in the State of Kansas.  Consequently, Defendants are subject to the jurisdiction of this Court.

15. Upon information and belief, HomeAdvisor's parent company, IAC, exercises substantial control over personnel, compensation, and other employment decisions as the owner or parent company of HomeAdvisor (collectively, the "HomeAdvisor Defendants".

### *Facts Relevant to Ms. Kruger's Discrimination and Termination*

16. Plaintiff is a female of Korean descent.

17. At the time of her termination, Plaintiff was employed as a senior sales and marketing representative with HomeAdvisor.

18. During the final few months of her employment, she was subjected to unlawful discrimination, harassment, and retaliation on the basis of gender/sex, race, national origin, and/or disability or perceived disability.

3

19. In December 2015, HomeAdvisor asked that she participate in recruitment events and activities relating to its efforts to hire several high profile employees away from a competitor.

20. At various times during these events, Plaintiff was subjected to unwanted sexual advances and physical contact.

21. Plaintiff was also instructed by HomeAdvisor to verify Mr. Cheatham's prior misrepresentations regarding the salary and the earning potential of employees who held Plaintiff's position with the organization.

22. Plaintiff reported her concerns to HomeAdvisor, but no action was taken.

23. Thereafter, Plaintiff was treated as someone who isn't a "team player," which is the first sign that an employee is no longer welcome at the organization.

24. HomeAdvisor management and several coworkers began to alienate and ostracize Plaintiff.

25. Several male, non-minority members of Plaintiff's team were allowed to harass and intimidate her on a regular basis.

26. She reported the offending conduct to management and human resources, but the conduct was allowed to continue.

27. Plaintiff's spouse, also employed by Defendants, also reported the harassment and intimidation, and asked that HomeAdvisor take steps to stop the offending behavior.

28. Other employees also reported the conduct, but the harassment and workplace intimidation continued.

29. After Plaintiff reported the conduct, a number of my coworkers became aware that Plaintiff had reported the offending conduct, which increased the intensity and frequency of the harassment.

30. Rather than discipline the coworkers involved in the harassment, Plaintiff was transferred to a different team by HomeAdvisor and provided with fewer professional resources and opportunities, which affected her compensation, job performance, and mental well-being.

31. Instead of addressing the behavior or disciplining the employees, HomeAdvisor transferred Plaintiff to a different team and position with the company, which Defendants knew would have a detrimental effect on Plaintiff's production and earnings.

32. Defendants transferred Plaintiff to punish her, and knew that Plaintiff's transfer would be viewed by other employees as a punishment for reporting the behavior to company management.

33. Supervisors and coworkers were permitted and encouraged to openly criticize Plaintiff's performance.

34. HomeAdvisor and Plaintiff's coworkers were aware of the detrimental effect on her health and mental well-being.

35. On or about July 12, 2016, HomeAdvisor terminated Plaintiff's employment. Following her termination, HomeAdvisor retaliated against her by opposing her right to unemployment benefits in a hearing on or about November 7, 2016.

36. Plaintiff received the decision denying her right to unemployment benefits shortly after it was issued on or about November 8, 2016.

37. HomeAdvisor's decision to deny Plaintiff's unemployment benefits was retaliatory, based on her internal reporting that she was discriminated against based on sex/gender, race, national origin, and/or disability or perceived disability.

38. Plaintiff's gender, race, national origin, and/or disability or her impairment that Defendants regarded as a disability, was a substantial or motivating factor in the decision to terminate Ms. Kruger in July of 2016.

39. Ms. Kruger worked at the HomeAdvisor Defendants for nearly three years, from September of 2013 until July of 2016.

40. On several occasions, she received or shared in awards for exemplary work performance, and was often one of the very top sales performers for the company.

41. At no point did Defendants refer Ms. Kruger to HomeAdvisor's HR department regarding the problems or harassment she endured.

42. The HomeAdvisor Defendants notified Ms. Kruger on or about July 13, 2016 that she was being terminated.

43. According to the HomeAdvisor Defendants, Ms. Kruger's termination was due to an alleged offer by Plaintiff to refund a membership fee to a dissatisfied customer.

44. Prior to Ms. Kruger's termination, at no point did the HomeAdvisor Defendants or any representative from HomeAdvisor's HR Department attempt to investigate or otherwise remedy the harassment of Ms. Kruger by her coworkers, defendant Cheatham, or the prospective employees that HomeAdvisor was attempting to recruit.

45. Upon information and belief, Mr. Cheatham was involved in the decision to terminate Ms. Kruger, either directly or indirectly, by supplying some or all of the information upon which the decision to terminate Ms. Kruger was based.

46. As a direct and proximate result of the discriminatory and retaliatory actions of the Defendant, Plaintiff has been caused to lose an opportunity to advance in her professional career, and have caused her to lose income.

47. As a further and direct proximate result of the discriminatory and retaliatory actions of the defendant, Plaintiff has suffered a loss of income and other financial benefits in the past, present, and will continue such losses in the future.

48. As a further and direct proximate result of the discriminatory and retaliatory actions of the defendants, Plaintiff has, is, and will in the future have mental pain, suffering, and anguish as a result of the discriminatory and retaliatory actions of the Defendants, requiring medical treatment.

**COUNT I**
**DISCRIMINATION IN VIOLATION OF THE**
**ADA AND ADAAA (42 U.S.C. § 12101 et seq.)**

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 above.

50. Based on the foregoing, Plaintiff at all times relevant hereto, is or has been a qualified individual with a disability or a condition that Defendants "regarded as" a disability under the ADA and ADAAA.

51. Plaintiff suffered the adverse employment action of having been terminated on or about April 15, 2016, as well as an attendant loss of employment benefits. Plaintiff's termination

was based on Plaintiff's disability or perceived disability, and the need for accommodation by the HomeAdvisor Defendants.

52. Rather than engage in the process of working with Plaintiff to discuss a reasonable accommodation for the disability or impairment that the HomeAdvisor Defendants regarded as a disability, the HomeAdvisor Defendants terminated Plaintiff.

53. By virtue of the foregoing, the HomeAdvisor Defendants caused Plaintiff to suffer deliberate and unlawful discrimination due to her disability and/or impairment that the HomeAdvisor Defendants regarded as a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the related ADAAA amendments.

## COUNT II
### (Discrimination On The Basis of Race, National Origin, and/or Sex in Violation of 42 U.S.C. §2000e-2)

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 53 above.

55. The actions described herein, demonstrate that the Defendant has discriminated against the Plaintiff based upon her race and/or sex, in violation of 42 U.S.C. §2000e-2.

## COUNT III
### (Race/National Origin Discrimination in Violation of 42 U.S.C. §1981)

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 above.

57. The actions by the Defendants described herein denied the Plaintiff the ability to make and enforce contracts in the same manner as enjoyed members of one or more other races or national origins, for the reasons of her race in violation of 42 U.S.C. §1981.

## COUNT IV

**(Retaliation in violation of 42 U.S.C. §2000e-3)**

59.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 above.

60.     The Plaintiff complained to Defendants of discriminatory actions described herein.

61.     The retaliation by the Defendants resulted in the termination of Plaintiff's employment.

62.     The actions described herein demonstrate that the Defendants retaliated against the Plaintiff in violation 42 U.S.C. §2000e-3.

**COUNT V**
**(Retaliation in Violation of 42 U.S.C. §1981)**

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 above.

64.     The Plaintiff complained to the defendant of the discriminatory action described herein.

65.     The retaliation by Defendants resulted in the termination of the Plaintiff's employment.

66.     The actions described herein demonstrate that Defendants retaliated against Plaintiff in violation 42 U.S.C. §1981.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against the HomeAdvisor Defendants, awarding Plaintiff:

a. Declare the conduct by the Defendants is in violation of Plaintiff's statutory rights and common law rights.

b. Award the Plaintiff back pay, and compensatory damages for her losses from the date of her wrongful termination until the date of any judgment, and front pay into the future.

c. Award the Plaintiff sufficient funds to compensate her for her losses, pain, and mental suffering, which cannot otherwise be compensated by any equitable relief.

d. Award the Plaintiff compensatory and punitive damages not otherwise specified herein.

e. Award the Plaintiff any and all liquidated damages, which would make the plaintiff "whole".

f. Award the Plaintiff attorney fees, and the cost of this action, pre-judgment and post-judgment interest.

g. Award the Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

## DESIGNATION OF PLACE OF TRIAL

**Pursuant to the Local Rules of the District of Kansas, Plaintiff hereby designates Kansas City, Kansas as the place of trial.**

Dated: July 22, 2017                                Respectfully submitted,


                                                                 */s/ Geoffrey L. Gross*
                                                          **GEOFFREY L. GROSS (KS # 24049)\***
                                                          LAW OFFICES OF GEOFFREY L. GROSS, LLC
                                                          4717 Grand Avenue, Suite 250
                                                          Kansas City, MO 64112
                                                          Telephone:  (816) 945-9591
                                                          Facsimile:  (816) 945-9578
                                                          ggross@grossllc.com


                                                          *Attorneys for Plaintiffs*